**YANNI LAW APC**
John C. Bohren (California State Bar No. 295292)
yanni@bohrenlaw.com
145 South Spring Street, Suite 850
Los Angeles, CA 90012
Telephone: (619) 433-2803

**POULIN | WILLEY | ANASTOPOULO, LLC**
Paul J. Doolittle (*Pro Hac Vice Forthcoming*)
Paul.doolittle@poulinwilley.com
cmad@poulin.willey.com
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536

*Attorneys for Plaintiffs and the Putative Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| JERRY LIGHT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>FANTASIA TRADING, LLC,<br><br>*Defendant*. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jerry Light (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated ("Class"), by his attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge:

### NATURE OF THE ACTION

1.  This is a consumer class action arising out of Defendant Fantasia Trading, LLC's ("Defendant") manufacture and sale of "About 1,158,000" defective "Anker PowerCore 10000 power banks", which are used as portable charging devices for electronics ("Products"), which

1

CLASS ACTION COMPLAINT

were recalled on June 12, 2025, due to a risk that "The lithium-ion battery in the power bank can overheat, posing fire and burn hazards to consumers" ("Defect").[1]

2. The Products were advertised, sold, and installed across the United States without adequate warnings or safeguards related to the Defect.

3. The Defect at issue causes overheating, fires, and explosions.

4. Such a Defect is dangerous as the Defect can cause burns and property damage.

5. Defendant provided no warning of the Defect, and Plaintiff would not have purchased said item if he had known of the Defect.

6. Remedying the Defect is difficult and costly. The remedy for this Defect is a full replacement. But Defendant has not provided any support for additional damages that may be a result of the Products, such as repair to burnt persons or property or the costs associated with properly disposing of the Products.

7. Notably, the Products are not suitable for disposal via usual methods (e.g. household trash or recycling). As stated by Defendant: "Do not throw this recalled lithium-ion battery or device in the trash, in the general recycling stream (e.g., street-level or curbside recycling bins), or in used battery recycling boxes found at various retail and home improvement stores. Recalled lithium-ion batteries must be disposed of differently than other batteries, because they present a greater risk of fire. Your municipal household hazardous waste (HHW) collection center may accept this recalled lithium-ion battery or device for disposal. Before taking your battery or device to a HHW collection center, contact it ahead of time and ask whether it accepts recalled lithium-ion batteries. If it does not, contact your municipality for further guidance."[2]

8. The remedy included in the recall, as offered by Defendant, is limited to replacement. This remedy does not include any other costs associated with or incurred by the Products.

---

[1] https://www.cpsc.gov/Recalls/2025/More-than-One-Million-Anker-Power-Banks-Recalled-Due-to-Fire-and-Burn-Hazards-Manufactured-by-Anker-Innovations
[2] https://www.cpsc.gov/Recalls/2025/More-than-One-Million-Anker-Power-Banks-Recalled-Due-to-Fire-and-Burn-Hazards-Manufactured-by-Anker-Innovations

9. A provision of a prorated refund is wholly inadequate as the Products which have the Defect have no value.

10. In addition, the recall is inadequate because no provisions exist to remedy the additional expenses in remedying the Defect, such as the costs of repair of damaged persons, property, and other costs related to disposal and remediation of issues caused by the Products.

11. Defendant's failure to disclose the Defect at the time of sale – and its refusal to assume responsibility for resulting effects – constitutes consumer deception, unjust enrichment, breach of contract, breach of warranties. Plaintiff and the Class would not have purchased the Products, or would have paid significantly less, had they known of the Defect and limited recourse available.

12. This action seeks damages and equitable relief, including the establishment of a court-supervised program to provide disposal funding for all affected Class Members.

**FACTUAL BACKGROUND**

13. On June 12, 2025, the United States Consumer Product Safety Commission ("CPSC") announced a recall of the Products due to the Defect.[3]

14. This recall includes the following Products, which were sold under the following brand names and model numbers: "This recall involves Anker PowerCore 10000 power banks with model number A1263. The brand name "Anker" is engraved on the front of the product. The model number "A1263" and serial number "SN" are printed on the bottom. Only model number A1263 power banks sold in the U.S. with qualifying serial numbers are included in the recall."[4]

15. The recall states that the Products will overheat and can cause fires and explosions.

---

[3] https://www.cpsc.gov/Recalls/2025/More-than-One-Million-Anker-Power-Banks-Recalled-Due-to-Fire-and-Burn-Hazards-Manufactured-by-Anker-Innovations
[4] *Id.*

16. The CPSC disclosed that the company received nineteen complaints of fires and even explosions, with over $60,000 worth of damages reported.[5] Nineteen amounts to 0.00164075993% of 1,158,000, which is the total number of Products recalled.

17. The Products were sold through online websites, Defendant states that the Products, over 1.15 million units, were sold "Online at Anker, Amazon, Newegg and Ebay from June 2016 through December 2022 for about $27."[6]

18. Despite the Recall, Defendant's remedy is a refund. No assistance is offered for costs associated with additional measures required with remedying the effects of the Defect.

19. The Defect poses a risk in that the Products will overheat, catch fire, and explode.

20. Defendant is a large and sophisticated corporation that has been in the business of producing, manufacturing, selling, and distributing consumer products for many years, including producing and manufacturing the recalled Products.

21. Defendant is in the unique and superior position of knowing how its products are manufactured and the steps needed to produce safe products.

22. Accordingly, Defendant possesses superior knowledge regarding the risks involved in the production and manufacturing, and eventual end-use, of its Products.

23. Such information related to the Defect is not information that is reasonably accessible to Plaintiff and Class Members. The only possible way for Plaintiff and the Class Members to discover the Defect would be to conduct their own testing of the Products prior to purchase. No reasonable consumer would undertake such a testing prior to purchase, nor would any reasonable vendor allow such testing.

24. Defendant has a duty to provide consumers, like Plaintiff and Class Members, with accurate information about its Products.

---

[5] *Id.*
[6] https://www.cpsc.gov/Recalls/2025/More-than-One-Million-Anker-Power-Banks-Recalled-Due-to-Fire-and-Burn-Hazards-Manufactured-by-Anker-Innovations

25. Thus, Defendant's deceptive omissions regarding the Products Defect is likely to deceive and mislead consumers and the public, as such omissions have already deceived and misled Plaintiff and the Class Members.

26. Defendant's deceptive omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions.

27. Plaintiff and the Class Members reasonably relied to their detriment on Defendant's misleading omissions.

28. In making the false, misleading, and deceptive omissions described herein, Defendant knew and intended that consumers would pay a premium for Products marketed without the likelihood of causing fires or explosions over comparable products not so marketed.

29. As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representation and omission, Defendant injured Plaintiff and the Class Members in that they:

    a. Paid a sum of money for Products that were not what Defendant represented;

    b. Paid a premium price for Products that were not what Defendant represented;

    c. Were deprived of the benefit of the bargain because the Products they purchased were different from what Defendant warranted;

    d. Were deprived of the benefit of the bargain because the Products they purchased had less value than what Defendant represented;

    e. They ingested substances that were of a different quality than what Defendant promised; and

    f. Were denied the benefit of the properties of the Products Defendant promised.

30. Had Defendant not made the false, misleading, and deceptive omissions, Plaintiff and the Class Members would not have been willing to pay the same amount for the Products they purchased and, consequently, Plaintiff and the Class Members would not have been willing to purchase the Products.

## JURISDICTION AND VENUE

31. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332, because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, there are more than 100 members in the members of the class is a citizen of a state different from each Defendant.

32. This Court has personal jurisdiction over Defendant as it has its principal place of business within California and within the jurisdiction of this District and Court. Defendant has also purposefully availed itself to the laws, rights, and benefits of the State of California and this District.

33. Venue is proper under 28 U.S.C. 1391(b) because Defendant maintains a principal place of business in this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in and emanated from this District.

## PARTIES

34. Plaintiff is a citizen and Resident of Los Angeles County, CA. Plaintiff purchased the Product in 2019 on Amazon.

35. Plaintiff used the Product as intended by Defendant. Plaintiff was never warned of the Defect.

36. Defendant has its principal place of business located at 5350 Ontario Mills PKWY, Suite 100, Ontario, CA 91764. Defendant's principal place of business is located within San Bernardino County.

37. Defendant specializes in the production of electronic charging products, such as the portable charging devices in question.[7]

## CLASS ALLEGATIONS

38. Plaintiff brings this matter on behalf of himself and those similarly situated. As

---

[7] https://www.anker.com/?ref=naviMenu

CLASS ACTION COMPLAINT

detailed at length in this Complaint, Defendant orchestrated deceptive marketing and labeling practices. Defendant's customers were uniformly impacted by and exposed to this misconduct. Accordingly, this Complaint is uniquely situated for class-wide resolution.

39. The Class is defined as all consumers who purchased the Products anywhere in the United States during the Class Period (June 2016 through December 2022).

40. Plaintiff also seeks certification, to the extent necessary or appropriate, of a subclass of individuals who purchased the Products in the state of California at any time during the Class Period (the "California Subclass").

41. The Class and California Subclass are referred to collectively throughout the Complaint as the Class.

42. The Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

43. <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of consumers in the Class and the California Subclass who are Class Members as described above who have been damaged by Defendant's deceptive and misleading practices.

44. <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

   a. Whether Defendant was responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

   b. Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant has engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of its Products;

   c. Whether Defendant made false and/or misleading statements and omissions to the Class and the public concerning the contents of its Products;

  d. Whether Defendant's false and misleading statements and omissions concerning its Products were likely to deceive the public; and

  e. Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Members.

45. <u>Typicality</u>: Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased Defendant's Products. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

46. <u>Adequacy</u>: Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class Members he seeks to represent, his consumer fraud claims are common to all members of the Class, he has a strong interest in vindicating his rights, he has retained counsel competent and experienced in complex class action litigation, and counsel intends to vigorously prosecute this action.

47. <u>Predominance</u>: Pursuant to Rule 23(b)(3), common issues of law and fact identified above predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issues because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's deceptive and misleading marketing and labeling practices.

48. <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

  a. The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

  b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claims, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

c. When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude their maintenance as a class action;

f. This class action will assure uniformity of decisions among Class Members;

g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

h. Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by a single class action; and

i. It would be desirable to concentrate in this single venue the litigation of all Class Members who were induced by Defendant's uniform false advertising to purchase its Products.

49. Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## CAUSES OF ACTION

## COUNT I: BREACH OF CONTRACT

### On Behalf of Plaintiff and All Class Members

50. Plaintiff incorporates Paragraphs 1-49 as if fully set forth herein.

51. Defendant created a contract with Plaintiff through marketing, advertisements, and other promises.

52. Such contract included that Plaintiff would receive the Products without any defects.

53. Plaintiff performed the obligations under the contract as they paid the purchase price of the Products.

54. Defendant failed to perform their obligation under the contract in that such Products were not free from any defects.

55. Plaintiff, and the Class, have been damaged as a direct and proximate result of Defendant's breach.

56. Plaintiff and the Class seek actual damages, attorneys' fees, costs, and any other just and proper relief available under law.

## COUNT II: BREACH OF EXPRESS WARRANTY

### On Behalf of Plaintiff and All Class Members

57. Plaintiff incorporates Paragraphs 1-49 as if fully set forth herein.

58. Defendant, through its advertising and marketing expressly warranted that the Products were safe to use and free from the Defect.

59. Defendant breached this express warranty by providing Products that contained the Defect.

60. Plaintiff and the other Class Members read and relied on these express warranties provided by Defendant in the description, labeling, marketing, and advertising for the Products.

61. Defendant was given notice of this breach through multiple complaints of the Defect related to the Product.

62. As a result of the breach, Plaintiff and the Class have suffered damages.

## COUNT III: BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY

### On Behalf of Plaintiff and All Class Members

63. Plaintiff incorporates Paragraphs 1-49 as if fully set forth herein.

64. Plaintiff purchased the Product.

CLASS ACTION COMPLAINT

65. The relevant seller was a merchant. Plaintiff is a person who reasonably expected to use the Products free of any defects.

66. The Products were not "merchantable" at the time of sale, as such Products contained the Defect. Such lack of merchantability is a breach of warranty.

67. This breach both factually and proximately caused damages to Plaintiff through their loss of funds and the deprivation of the benefit of the bargain.

## COUNT IV: BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

**On Behalf of Plaintiff and All Class Members**

68. Plaintiff incorporates Paragraphs 1-49 as if fully set forth herein.

69. Defendant's Products were to be used to charge electronic in a safe manner, free of defects.

70. Defendant knew of this particular purpose as Defendant produced, marketed, sold, and distributed the Products as being free from defects and safely charge devices without exploding, catching fire, or overheating.

71. Defendant knew that Plaintiff relied on this promise of particularity as Defendant was aware of the assertions put forth regarding specificity and Plaintiffs' required reliance on the Product.

72. Plaintiff relied on Defendant's skill and capability to provide a Product free of defects, capable of charging electronic devices in a safe manner.

73. Due to Defendant's conduct, Plaintiff was damaged by Defendant in that Plaintiffs have been deprived of the benefit of their bargain and loss of purchase price.

74. Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

## COUNT V: UNJUST ENRICHMENT

**On Behalf of Plaintiff and All Class Members**

75. Plaintiff incorporates Paragraphs 1-49 as if fully set forth herein.

CLASS ACTION COMPLAINT

76. Plaintiff and the Class bestowed benefits upon Defendant in the form of money paid in exchange for the Products.

77. These benefits were not donations or gifts to Defendant, such benefits were given in exchange for Products.

78. As a result of Defendant's wrongful and deceptive conduct alleged herein, Defendant knowingly and voluntarily accepted wrongful benefits from Plaintiff.

79. In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and Class Members.

80. Plaintiff and Class Members paid for Products that were safe, and free from the Defect. Instead, Plaintiff and Class Members received Products that are unsafe and have the Defect.

81. As a result of Defendants' wrongful conduct as alleged herein, Defendants have been unjustly enriched at the expense of, and to the detriment of, Plaintiffs and members of the Class.

82. Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

83. Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive manufacturing, labeling, and marketing of the Products to Plaintiff and members of the Class.

84. Defendants' retention of such funds under circumstances making it inequitable to do so, constitutes unjust enrichment.

85. The financial benefits derived by Defendants rightfully belong to Plaintiff and members of the Class.

86. Given the above, the circumstances make Defendants' retention of funds inequitable, without reimbursement for the funds to Plaintiffs and the Class.

87. Defendants should be compelled to disgorge in a common fund for the benefit of

Plaintiffs and members of the Class all wrongful or inequitable proceeds received by them, plus interest thereon.

88. Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

## COUNT VI: NEGLIGENT MISREPRESENTATION

### On Behalf of Plaintiff and All Class Members

89. Plaintiff incorporates Paragraphs 1-49 as if fully set forth herein.

90. Defendant made a false representation in that it claimed that the Products were free from defects and would charge electronic devices in a safe manner. Such a representation is material, as Plaintiff would not have purchased the item had Plaintiff known of the Defect.

91. Defendant had no reasonable grounds for believing the representation that the Products were free from the Defect, as such a Defect would have been revealed in adequate testing of the Products.

92. Defendant intended that Plaintiff rely on the misrepresentation regarding the absence of defects, and Defendant knew that such misrepresentations would be relied upon.

93. Plaintiff and the Class would not have purchased the Products without such representations that the Products were free from defects.

94. Plaintiff and the Class reasonably relied on such misrepresentations and omissions. Plaintiff and the class have been damaged due to this reliance.

95. By reason thereof, Plaintiff and Class Members have suffered damages in an amount to be proven at trial.

96. Due to Defendant's conduct, Plaintiff and the Class were damaged in that Plaintiff has been deprived of their benefit of the bargain and loss of purchase price.

97. Plaintiff and the Class seek actual damages, attorneys' fees, costs, and any other just and proper relief available thereunder for Defendant's negligent misrepresentation regarding the Products.

# JURY DEMAND

Plaintiff demands a trial by jury on all issues.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under Rule 23 of the FRCP;

(b) Awarding monetary damages, restitution damages and treble damages;

(c) Ordering Defendant to establish a court-supervised program to fund property repair in affected areas that suffered property damage due to the Products;

(d) Awarding Plaintiff and Class Members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys, experts, and reimbursement of Plaintiff's expenses; and

(e) Granting such other and further relief as the Court may deem just and proper.

Dated: June 19, 2025

Respectfully submitted,

/s/ *John C. Bohren*
**YANNI LAW APC**
John C. Bohren (California State Bar No. 295292)
yanni@bohrenlaw.com
145 South Spring Street, Suite 850
Los Angeles, CA 90012
Telephone: (619) 433-2803
Fax: (800) 867-6779

AND

Paul J. Doolittle (*Pro Hac Vice* Forthcoming)
**POULIN | WILLEY ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536
Email: *paul.doolittle@poulinwilley.com*

cmad@poulinwilley.com

*Attorneys for Plaintiff and the Putative Class*

CLASS ACTION COMPLAINT